UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-01232-SPG-JDE | Date | March 24, 2026 |
|---|---|---|---|
| Title | Eduardo Ochoa-Salgado v. Markwayne Mullin et al | | |

| Present: The Honorable | SHERILYN PEACE GARNETT UNITED STATES DISTRICT JUDGE |
|---|---|

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:**    (IN CHAMBERS) ORDER GRANTING PETITION FOR TEMPORARY RESTRAINING ORDER [ECF NO. 2]

Before the Court is the Petition for Temporary Restraining Order, (ECF No. 2 ("TRO Petition")) filed by Petitioner Eduardo Ochoa-Salgado ("Petitioner"). Petitioner names as Respondents Markwayne Mullin, Secretary of United States Department of Homeland Security ("DHS"); Rodney S. Scott, Commissioner of U.S. Customs and Border Protection ("CBP"); Jamie Rios, Acting Field Office Director for the Los Angeles Field Office of U.S. Immigration and Customs Enforcement ("ICE"); Eddy Wang, Special Agent in Charge for the Los Angeles office of Homeland Security Investigations ("HSI"), and Warden of Adelanto Detention Facility; all sued in their official capacities (collectively, "Respondents"). (ECF No. 1 ("Habeas Petition") at 5–7). In the TRO Petition, Petitioner requests only that the Court issue "a temporary restraining order barring Respondents from transferring [Petitioner] from this district" while his underlying petition is pending, "unless Respondents obtain a final, executable order of removal." (TRO Petition at 2, 10). Petitioner asserts that he is likely to succeed on the merits of his underlying claim and will suffer irreparable harm without the relief requested in his TRO Petition because he is a member of the class being detained under 8 U.S.C. § 1226(a) and is therefore entitled to a bond hearing before an immigration judge. (*Id.* at 3).

On March 17, 2026, upon receipt of the TRO Petition, the Court set a briefing schedule on the TRO Petition and ordered that Petitioner not be removed from the Central District of California pending adjudication of the TRO Petition, pursuant to the All Writs Act, 28 U.S.C. § 1651(a). (ECF No. 4). Respondents timely filed a response to the TRO Petition on March 19, 2026, stating that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01872-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 C.D. Cal. Nov. 25, 2025) *reconsideration granted in part*, --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025)." (ECF No. 6 ("Response") at 2). Further, Respondents acknowledged that "Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01232-SPG-JDE | Date | March 24, 2026 |
| Title | Eduardo Ochoa-Salgado v. Markwayne Mullin et al | | |

proceedings relating to it." (Response at 2). Respondents requested, however, that, "to the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days." (*Id.* at 2–3). As such, Respondents apparently agree Petitioner's is likely to succeed on the underlying merits of his Petition as to the requested bond hearing. Petitioner has not filed a reply to Respondents' Opposition.

Under the All Writs Act, the Court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This includes "the power to preserve existing conditions while it was determining its own authority to grant injunctive relief." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947). In the Habeas Petition, Petitioner has requested an injunction ordering his immediate release, or, in the alternative, an individualized bond hearing before an Immigration Judge within seven (7) days. *See* (Habeas Petition at Prayer for Relief). Thus, to preserve its jurisdiction, the Court has authority to order that Petitioner not be removed from the Central District of California pending adjudication of Petitioner's request for injunctive relief in the Habeas Petition. In reaching this conclusion, the Court joins district courts throughout the Ninth Circuit in maintaining jurisdiction to resolve a pending habeas petition that challenges the validity of a petitioner's immigration detention. *See, e.g., Melchor-Melchor v. Noem et al*, No. 5:26-cv-00766-SSS-BFM, 2026 WL 760061, at *2 (C.D. Cal. Feb. 24, 2026); *Manjinder v Chestnut et al.*, No. 1:26-cv-01892-TLN-SCR, 2026 WL 700711, at *2 (E.D. Cal. Mar. 12, 2026); *Lin v. Noem*, No. 26-cv-1280-BJC-DEB, 2026 WL 586458, at *1 (S.D. Cal. Mar. 2, 2026); *Cotoc Yac De Yac v. Hermosillo*, No. 3:25-cv-2320-SI, 2025 WL 3564819, at *2 (D. Or. Dec. 12, 2025).

When issuing the briefing schedule, the Court ordered Respondents not to remove Petitioner from the Central District of California pending adjudication of the TRO Petition. Given the relief requested in the TRO Petition of an order enjoining Respondents from "transferring [Petitioner] from this district" while his underlying petition is pending, "unless Respondents obtain a final, executable order of removal," *see* (TRO Petition at 2, 10), as well as Respondents' Response acknowledging the likelihood of Petitioner's success on the underlying petition, the Court pursuant to the All Writs Act orders Respondents not to transfer Petitioner from the Central District of California while Petitioner's underlying petition is pending, unless Respondents obtain a final, executable order of removal.[1]

---

[1] The Court notes that Petitioner has not complied with the Local Rules in filing the TRO Petition. Respondents have not raised an objection in their Response to the TRO Petition regarding Petitioner's noncompliance with the Local Rules. Therefore, given the nature of the relief requested and lack of objection from Respondents, the Court, in its discretion, grants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01232-SPG-JDE | Date | March 24, 2026 |
| Title | Eduardo Ochoa-Salgado v. Markwayne Mullin et al | | |

      Therefore, the Court GRANTS the TRO Petition. The Habeas Petition is referred to the assigned Magistrate Judge for further adjudication. The parties are directed to follow the orders of the Magistrate Judge regarding briefing and further habeas proceedings.

      **IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    pg

---

the TRO. Petitioner is cautioned to comply with all applicable rules, including the Federal Rules of Civil Procedure and Local Rules, in future filings.